C|m

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ALLAN RYAN, Individually and as
administrator ad prosequendum for NORMA
RYAN, deceased, and as guardian of minors
PETER RYAN and SAMANTHA RYAN,

                                                                                                      **MEMORANDUM AND ORDER**

                      Plaintiffs,                                  CV 07-1850

                     -against-                                (Wexler, J.)

DIMITRIOS TSEPERKAS, DTF
LOGISTICS, INC., STATE MATERIAL
MASON SUPPLY CORP., d/b/a STATE
MATERIAL STONE & MASONRY SUPPLY
CORP., a wholly owned subsidiary of
NICOLIA INDUSTRIES., REDLAND BRICK,
INC., a wholly owned subsidiary of BELDEN
BRICK COMPANY, PHILLIP D. MANNIX,
EXCLUSIVE TRANSPORTATION FOR
INDUSTRY, INC., a/k/a and d/b/a/ ETI,
RYDER SYSTEM, INC., a/k/a RYDER TRUCK
RENTAL, RYDER, INC.,

                    Defendants.
----------------------------------------------------------X
APPEARANCES:

        LAW OFFICES OF JEFFREY S. LISABETH
        BY: JEFFREY S. LISABETH, ESQ.
        Attorney for Plaintiffs
        54 Willis Avenue
        Mineola, New York 11501

        SHIMBERG & FRIEL, P.C.
        BY: ANNE E. WALTERS, ESQ.
        Attorneys for Defendants Redland Brick and Belden Brick
        41 South Haddon Avenue, Suite 5
        Haddonfield, New Jersey 08033

LAW OFFICES OF PATRICK J. MALONEY
BY: PATRICK J. MALONEY, ESQ.
Attorneys for Defendants Nicolia Industries, Inc. and State Material Mason Supply, Corp
90 Broad Street, Suite 2202
New York, New York 10004

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
BY: THOMAS D. FOTI, ESQ.
Attorneys for Defendants Tseperkas and DTF Logistics
425 Eagle Rock Avenue, Suite 302
Roseland, New Jersey 07068

CONNORS & CONNORS, P.C.
BY: MICHAEL J. CAULFIELD, ESQ.
Attorneys for Defendant Ryder System, Inc.
766 Castleton Avenue
Staten Island, New York 10310

WEXLER, District Judge

This is a diversity action seeking damages for personal injuries arising out of a multi-vehicle accident that occurred in August of 2006 on the New Jersey Turnpike. Presently before the court is a motion to seeking transfer to the United States District Court for the District of New Jersey. For the reasons set forth below, the motion is granted.

## BACKGROUND

I.    The Parties and the Accident

As noted, this personal injury case arises out of a multi-vehicle accident that occurred on the New Jersey Turnpike (the "Accident"). Plaintiff, Allen Ryan, commenced this action as administrator of the estate of his wife, who was killed in the Accident. Plaintiff also sues in his capacity as guardian of his children who were allegedly injured in the Accident. At the time of the Accident and to date, the Ryan family resided in the State

2

of New Jersey.

The Accident involved several vehicles. Relevant to this case and motion are the Plaintiff's factual allegations regarding the way in which the Accident occurred, and the involvement of the named Defendants. Those allegations are accepted as true at this stage of the litigation. Plaintiff alleges that his now deceased wife was driving the family car on the New Jersey Turnpike on August 14, 2006. The Ryan children were passengers in that vehicle. Through no fault of Mrs. Ryan, the Ryan car was hit by a flatbed tractor trailer carrying a load of bricks. After hitting the Ryans, the tractor trailer overturned, and the load of bricks was dumped on the Ryan vehicle. The Ryan vehicle was crushed, killing Mrs. Ryan and injuring her children. Several other vehicles became involved in the accident, including a truck owned and operated by Defendant Ryder Truck Systems, Inc.

The named Defendants are drivers, vehicle owners and contractors involved in the loading and transport of goods involved in the Accident. Defendant Dimitrios Tseperkas ("Tseperkas") is stated to have been the driver of the tractor trailer flatbed truck involved in the Accident. That tractor trailer is alleged to have been owned by Defendant DTF Logistics Inc. ("DTF"). At the time of the Accident, the DTF truck was loaded with bricks alleged to have been purchased by Defendant State Material Mason Supply, Corp. ("State"), a wholly owned subsidiary of Defendant Nicolia Industries, Inc. ("Nicolia"). Defendant Redland Brick, Inc. ("Redland"), a wholly owned subsidiary of Defendant Belden Brick Company ("Belden"), is alleged to have sold and provided the bricks to State and/or Nicolia. Redland and/or Belden are alleged to have been responsible for the loading

of the bricks on to the DTF truck that was hired for transport by Defendants Nicolia and/or State. Also named as Defendants are Phillip D. Mannix ("Mannix") who is alleged to have been the driver of a Ryder truck involved in the Accident. Mannix is alleged to have been employed by Defendant Exclusive Transportation for Industry, Inc. ("ETI"). The ETI truck driven by Mannix is alleged to have been owned by Defendant Ryder System, Inc. ("Ryder").

Plaintiffs allege negligence among all Defendants in the driving of the vehicles and hiring of drivers as well as in the loading of the bricks and hiring of vehicles for transport. Defendants have asserted various cross-claims against each other.

## II. The Motion

The motion before the court seeks transfer of this case to the United States District Court for the District of New Jersey. In support of the motion, Defendants point out that Plaintiffs are residents of New Jersey, the Accident occurred there and most witnesses are from New Jersey. Opposing the motion, Plaintiff argues that, despite his New Jersey residency, his choice of forum should be respected and that certain Defendants reside in New York. Plaintiff also relies on the proximity of New York to New Jersey in resisting transfer. After outlining applicable law, the court will turn to the merits of the motion.

## DISCUSSION

### I. Legal Principles

#### A. Discretionary Transfer: General Considerations

28 U.S.C. §1391 ("Section 1391") and 28 U.S.C. § 1404 ("Section 1404") govern the issues of propriety and transfer of venue. Where the proposed transferee forum is a

4

proper venue under Section 1391, Section 1404 allows for transfer for the convenience of the witnesses or parties and in the interests of justice. 28 U.S.C. §1404(a) (allowing for transfer to any other district where the action "might have been brought"). The burden on such a motion is on the party seeking transfer. Longo v. Wal-Mart Stores, Inc., 79 F. Supp.2d 169, 170-71 (E.D.N.Y. 1999).

When determining whether transfer will serve the convenience of witnesses and parties and is in the interests of justice, the court looks to several factors, including: (1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum and (9) the interests of justice. In re Hanger Orthopedic Group, Inc. Securities Litigation, 418 F. Supp.2d 164, 167-68 (E.D.N.Y. 2006); Longo, 79 F. Supp.2d at 171. This court has broad discretion in making its transfer determination and "notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 107 (2d Cir 2006).

II. Disposition of the Motion

At the outset, the court notes that New Jersey, the site of the Accident, is where a "substantial part of the events . . . giving rise to the [Plaintiff's] claim occurred," and is therefore a district where venue would have been proper in this diversity case. See 28 U.S.C. §1391(a)(2). Accordingly, the District of New Jersey is a proper transferee district under Section 1404(a). The court turns to consider whether the interests of justice would

5

be served by transfer of this matter to New Jersey.

As to the residences of the parties, Plaintiff and his children reside in New Jersey. Despite this fact, Plaintiff has chosen to litigate this matter in New York. The only parties residing in New York are Defendants Tseperkas, the owner of DTF and Defendants Mason and Nicolia. The remaining Defendants reside either in New Jersey or elsewhere. As the majority of the parties involved reside in New Jersey, this factor weighs in favor of transfer.

Plaintiff relies heavily on his choice of this forum. Generally, the court gives deference to a plaintiff's choice of forum and that choice will not be disturbed "unless the balance of convenience and justice weigh heavily in favor of defendant's forum . . . ." Citigroup, Inc. v. City Holding, 97 F.Supp.2d. 549, 561 (S.D.N.Y.2000) (internal quotations omitted). Where, as here, however, Plaintiff resides not in the transferror forum, but in the forum where the matter is sought to be transferred, his choice of forum is entitled to significantly less weight. Reinhard v. Dow Chemical, 2007 WL 2324531 *4 (S.D.N.Y. 2007); Hall v. South Orange, 89 F Supp.2d 488, 494 (S.D.N.Y. 2000) ("plaintiff's choice of forum is accorded less weight ... when that forum is 'neither the [plaintiff's] home nor the place where the operative facts of the action occurred.") (citation omitted). Indeed, it can hardly be argued that litigating this matter in Plaintiff's home state would somehow create an undue burden and inconvenience for Plaintiff.

The remaining factors all weigh in favor of transfer to New Jersey. Perhaps most importantly, the Accident occurred in New Jersey. New Jersey State Police, who will no doubt be important fact witnesses, are all located in that State. In addition to the New Jersey State Police who responded to the Accident, local emergency, fire and rescue teams

from New Jersey will also be potential trial witnesses. Additionally, Defendants have identified non-party fact witnesses to the Accident who are also located in New Jersey. Relevant documents, including reports generated by the above-referenced witnesses are also located in New Jersey.

Additionally, in view of the fact that the Accident occurred in New Jersey, it is the law of that state, including its traffic and tort laws that apply. It is therefore New Jersey that has the greatest interest in the implementation and interpretation of the law that applies in this case. While this court can certainly ascertain and apply the law of the State of New Jersey, consideration of the relative familiarity of the forum with the governing law weighs in favor of transfer.

In sum, the Court holds that Plaintiff's choice of forum is entitled to little weight and that the consideration of all other relevant factors weigh decidedly in favor of transfer. Accordingly, the motion to transfer is granted.

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer is granted. The Clerk of the Court is directed to transfer the file in this matter to the United States District Court for the District of New Jersey, to terminate all outstanding motions and to close the file in this case.

SO ORDERED

/s/
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
January 2, 2008